NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000715
19-MAY-2014
08:16 AM**

NO.  CAAP-12-0000715

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NEDRIC ROBINSON KAPIKA, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 86-142; S.P.P. NO. 07-1-0002)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Nedric Robinson Kapika (**Kapika**)
appeals from the Order Denying Petitioner's Hawaiʻi Rules of
Penal Procedure Rule 40 Petition for Post Conviction Relief Filed
July 3, 2007, which was entered by the Circuit Court of the Third
Circuit (**Circuit Court**) on July 11, 2012 (**Order Denying Post-
Conviction Relief**).[1]

On September 10, 1986, in Criminal No. 86-142, after a
jury trial, Kapika was convicted of and sentenced for two counts
of Rape in the First Degree to two twenty-year terms of
imprisonment, for one count of Sodomy in the First Degree to a
twenty-year term of imprisonment, and for one count of Kidnapping
to a ten-year term of imprisonment.  On October 2, 1986, the

---

[1]     The Honorable Greg K. Nakamura presided.

State of Hawai'i (**State**) filed a motion seeking to impose consecutive and extended sentences. After a December 1, 1986 hearing on the State's motion, on December 17, 1986, the trial court entered its Findings of Fact, Conclusions of Law and Order Partially Granting State's Motion for Extended Term and Consecutive Sentencing (**Sentencing Order**). In the Sentencing Order, the trial court denied the State's request for extended terms, but granted the State's request for Kapika's sentences all to be served consecutively.

On July 3, 2007, Kapika filed *pro se* a petition for post-conviction relief. Counsel was appointed and a hearing was held on Kapika's petition. Thereafter, the Order Denying Post-Conviction Relief was entered and an appeal was timely filed.

On appeal, Kapika raises a single point of error, arguing that the Circuit Court erred in denying his petition for post-conviction relief because the imposition of consecutive sentences totaling seventy years constituted cruel and unusual punishment in violation of both the U.S. and Hawai'i Constitutions.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Kapika's arguments on appeal as follows:

The Hawai'i Supreme Court has held:

> The standard by which punishment is to be judged under the 'cruel and unusual' punishment provisions of both the United States and Hawaii Constitutions is whether in light of developing concepts of decency and fairness, the prescribed punishment is so disproportionate to the conduct proscribed and is of such duration as to shock the

> conscience of reasonable persons or to outrage the moral
> sense of the community.

State v. Kumukau, 71 Haw. 218, 226-27, 787 P.2d 682, 687 (1990) (citation and internal quotation marks omitted); see also, generally, State v. Kong, 131 Hawai'i 94, 315 P.3d 720 (2013) (discussing consecutive sentences).

We reject Kapika's arguments that, for example, because no weapons were used in conjunction with his multiple felonies and/or because his youthful victim smoked marijuana and drank beer at his house before he raped and sodomized her, his sentence is so disproportionate as to shock the conscience of reasonable persons or to outrage the moral sense of the community, in light of developing concepts of decency and fairness. We also reject Kapika's argument that his sentence is comparable to the sentence found to be excessive in Kumukau. Kumukau's eight life sentences plus 200 years were not found to be excessive; rather, the consecutive mandatory minimum sentences totaling 136 years prior to eligibility for parole were determined to be excessive. Kumukau, 71 Haw. at 226, 228, 787 P.3d at 687, 688. The trial court did not set any mandatory minimum terms for Kapika and there is no information in the record or argument made concerning when he might be eligible for parole. In light of Kapika's history of prior convictions, the age of the victim, and the nature and circumstances of the multiple felonies, the trial court's exercise of its discretion to run Kapika's terms consecutively, while denying the State's request for extended terms, was not a plain and manifest abuse of its discretion.

For these reasons, the Circuit Court's July 11, 2012 Order Denying Post-Conviction Relief is affirmed.

DATED: Honolulu, Hawai'i, May 19, 2014.

On the briefs:

Venetia K. Carpenter-Asui
for Petitioner-Appellant


Shannon M. Kagawa
Deputy Prosecuting Attorney
County of Hawai'i
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

4